IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

KEVIN GAMBLE,

                        Plaintiff,              Civil Action No.

      v.                                 9:06-CV-1543 (DNH/DEP)

PATRICK MAYNARD, *et al.,*

                       Defendants.

_____

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF:

KEVIN GAMBLE, *Pro Se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO      CHRISTOPHER W. HALL, ESQ.
Attorney General of             Assistant Attorney General
the State of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

     Plaintiff Kevin Gamble, a New York State prison inmate who is no

stranger to this court, has commenced this action pursuant to 42 U.S.C. §

1983, alleging that through their actions the defendants have deprived him

of his civil rights.  In his complaint, plaintiff contends that he was assaulted

by various prison officials, in violation of the Eighth Amendment's

prohibition against cruel and unusual punishment.  As relief, plaintiff seeks

recovery of compensatory and punitive damages.

Currently pending before the court is a motion by the defendants

seeking revocation of the *in forma pauperis* ("IFP") status previously

conferred and conditionally dismissing plaintiff's complaint absent

prepayment in full of the required filing fee.  In light of a prior finding by

another judge of this court, to the effect that by the time this complaint was

filed three prior civil rights actions commenced by the plaintiff while a

prison inmate had been dismissed as frivolous or for failure to state a

claim upon which relief may be granted, and discerning no basis to

conclude, based upon plaintiff's complaint, that he is under imminent

danger of serious physical injury, I recommend that defendants' motion be

granted.

I.      <u>BACKGROUND</u>[1]

---

[1]      In light of the procedural posture in this case, the allegations set forth in
plaintiff's complaint, though undoubtedly contested by the defendants, have been
accepted as true for purposes of the instant motion.  *See Erickson v. Pardus*, __U.S.
__, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127
S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733,
1734 (1964).

At the times relevant to his claims, plaintiff was a prison inmate entrusted to the custody of the New York State Department of Correctional Services (the "DOCS"), and designated to the Clinton Correctional Facility ("Clinton"), located in Dannemora New York.  *See generally* Complaint (Dkt. No. 1).   Early on the morning of September 22, 2006, apparently in preparation for a transfer, plaintiff was instructed by a corrections officer to prepare his cell and to place his sheet and blankets in a pillow case.  As plaintiff was preparing to exit the E Block area of Clinton, where his cell was located, he was struck by defendant Patrick Maynard in the face with a closed fist.   The assault continued, with Corrections Officers A. Babbie and S. Miller assisting and forcing the plaintiff to the floor where additional physical force was administered, and with defendants striking him in the rib cage and twisting his body and legs.  Following the encounter, plaintiff was placed in mechanical restraints and taken to the prison infirmary, where he was examined to determine the extent of his injuries, if any.[2]

II.    PROCEDURAL HISTORY

Plaintiff commenced this action on December 26, 2006.  Dkt. No. 1.

---

[2]    An inmate injury report, which is included as an exhibit to plaintiff's complaint, presumably generated as a result of that examination, reveals that no injuries were apparent to the medical official who examined Gamble.

3

Named as defendants in Gamble's complaint are Patrick Maynard, A. Babbie, S. Miller, and M. Donah, all corrections officers assigned to work at Clinton, and a Mr. Silver, identified by the plaintiff as a corrections sergeant at the facility. *Id.* With the filing of his complaint, plaintiff also submitted an application for permission to proceed *in forma pauperis*. Dkt. No. 2. That application was granted by order issued by me on January 10, 2007. Dkt. No. 4.

On March 8, 2007 issue was joined by the filing of an answer on behalf of the defendants generally denying the material allegations of plaintiff's complaint and asserting various affirmative defenses. Dkt. No. 14. Defendants subsequently filed a moved on May 29, 2007 seeking revocation of plaintiff's IFP status and dismissal of plaintiff's complaint, absent prepayment in full of the required filing fee, based upon the fact that at least three of his prior inmate civil rights actions have been dismissed as either frivolous or for failure to state a claim upon which relief may be granted. Dkt. No. 20. On July 9, 2007 an affirmation from the plaintiff in opposition to defendants' motion was filed with the court. Dkt. No. 22. That affirmation, however, speaks to the merits of plaintiff's claims and does not address defendant's argument that his complaint is subject

to conditional dismissal under 28 U.S.C. § 1915(g).[3]  *See id.*

Defendants' motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

In his complaint in this action, when responding to the question of whether he had "ever filed any other law suits in any state in federal court relating to [his] imprisonment", plaintiff stated that he had not.  Complaint (Dkt. No. 1) § 5.  Oddly, plaintiff followed that answer with reference to a single action, identified as *Gamble v. Monette, et al.*, 9:06-CV-0979 (N.D.N.Y., 2006), filed in this court, but did not list any others.  In point of fact, however, it appears from publically available records that Gamble is a frequent litigator, having commenced at least ten cases in this district alone, seven of which are now closed and with at least five having been dismissed as either frivolous or for failure to state a cognizable claim.  *See Gamble v. Kelsh*, No. 9:07-CV-00474 (N.D.N.Y.) (TJM/RFT) (dismissed on

───────────────

[3]     The deadline for submission by the plaintiff of papers in opposition to defendants' motion passed on June 25, 2007 and has not been extended by the court.

May 30, 2007); *Gamble v. Kelsh*, No. 9:07-CV-00093 (N.D.N.Y.)
(LEK/DRH) (dismissed on January 24, 2007); *Gamble v. Cox*, No. 9:05-
CV-1093 (N.D.N.Y.) (FJS/RFT) (dismissed on February 13, 2006);
*Gamble v. Loran*, No. 9:05-CV-01088 (N.D.N.Y.) (LEK/RFT) (dismissed on
December 20, 2005); *Gamble v. Monette*, No. 9:05-CV-1095 (N.D.N.Y.)
(DNH/GJD) (dismissed on December 15, 2005).

Defendants now seek conditional dismissal of plaintiff's complaint on
the basis of those prior dispositions.  In their motion, defendants invoke 28
U.S.C. § 1915(g), arguing that under that section, plaintiff's litigation
history, which includes at least three merit-based dismissals, warrants
revocation of his IFP status.

Section 1915(g), which was enacted as part of sweeping inmate
litigation reform brought about by adoption of the Prison Litigation Reform
Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), though
engendering far less litigation than some of its PLRA counterparts
including, notably, the exhaustion of remedies requirement of 42
 U.S.C. § 1997e(a), provides that

> [i]n no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding
> under this section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court

of the United States that was dismissed on the
grounds that it is frivolous, malicious, or fails to
state a claim upon which relief may be granted,
unless the prisoner is under imminent danger of
serious physical injury.

28 U.S.C. § 1915(g).  The manifest intent of Congress enacting this "three

strikes" provision was to curb prison inmate abuses and to deter the filing

of multiple, frivolous civil rights suits by prison inmates.  *Tafari v. Hues*,

473 F.3d 440, 443-44 (2d Cir. 2007); *Gill v. Pidlypchak*, No. 02-CV-1460,

2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, S.J. & Treece,

M.J.).  The prophylactic effect envisioned under section 1915(g) is

accomplished by requiring a prisoner who has had three previous strikes

to engage in the same cost-benefit analysis that other civil litigants must

make before deciding whether to commence suit, accompanied by the

filing of the full fee – that is, to assess whether the result to be achieved

justifies the filing fee expenditure.  *See Ibrahim v. District of Columbia*, 463

F.3d 3, 6 (D.C. Cir. 2006).  As the Second Circuit has noted, in the context

of PLRA amendments requiring inmates to authorize prison officials to

make deductions from inmate accounts to be applied as partial payments

of appellate filing fees for prisoners granted *in forma pauperis* status,

[p]rior to the enactment of the *in forma pauperis*
amendments, inmates suffered no economic

7

> disincentive to filing law suits.  Indeed, the very
> nature of incarceration – prisoners have substantial
> free time on their hands, their basic living expenses
> are paid by the state and they are provided free of
> charge the essential resources needed to file
> actions and appeals, such as paper, pens,
> envelopes and legal materials – has fostered a
> "'nothing to lose and everything to gain'"
> environment which allows inmates discriminately
> to file suit at taxpayers' expense.

*Nicholas v. Tucker,* 114 F.3d 17, 20 (2d Cir. 1997), *cert. denied sub nom*.,

*Nicholas v. Miller*, 523 U.S. 1126, 118 S. Ct. 1812 (1998) (citations

omitted); *see also Gill*, 2006 WL 3751340, at *2.

　　　The question of whether the dismissal of a prior action qualifies as a

strike, for purposes of section 1915(g), is a matter of statutory

interpretation, and as such a question for the court.[4]  *Tafari*, 473 F.3d at

442-43.  In determining whether a dismissal satisfies the failure to state a

claim prong of the statute, implicated in this case, courts have drawn upon

the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure for

---

[4]　　　The Second Circuit has expressed its view that the time for determination of "strikes" is only when the section 1915(g) issue is ripe for adjudication, and that because of the potentially significant consequences flowing from such a finding, a court should not, when dismissing an inmate complaint, contemporaneously signal whether the dismissal should count as a "strike" for the purposes of that section. *DeLeon v. Doe,* 361 F.3d 93, 95 (2d Cir. 2004); *see also Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999) ("We . . . doubt whether the entry of a strike is properly considered at the time an action is dismissed.").

guidance, particularly in light of the similarity in phrasing utilized in the two provisions.  *Tafari*, 473 F.3d at 442 (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).

In a report and recommendation issued in another of plaintiff's actions by Chief United States Magistrate Gustave J. DiBianco on May 25, 2007, a finding was made that plaintiff has in fact had three prior "strikes", qualifying under section 1915(g), and that the dismissals of the prior actions all occurred prior to the filing of plaintiff's complaint in this matter on December 26, 2006.  *See Gamble v. Monette,* No. 9:06-CV-136 (N.D.N.Y. May 25, 2007) (adopted in full by decision and order issued by District Judge Lawrence E. Kahn on July 20, 2007).  This finding is entitled to preclusive effect, *see Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002)*,* and thus establishes the existence of three prior "strikes" qualifying under section 1915(g) as a potential basis for revocation of plaintiff's *in forma pauperis* status, absent a finding that the imminent danger set forth in the governing statute applies.

As a safety valve, obviously intended to protect a prison inmate exposed to potential danger from the harsh consequences of his or her earlier folly, section 1915(g) provides that a prisoner who is in "imminent

danger of serious physical injury" may avoid application of the three

strikes rule of section 1915(g).  *See* 28 U.S.C. § 1915(g); *see also Malik v.

McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).  This exception requires a

showing that the prisoner was under such imminent danger at the time of

filing; the exception does not provide a basis to avoid application of the

three strikes on the basis of past harm.  *Malik*, 293 F.3d at 562-63.  An

inmate who claims the benefit of this exception must also show that the

danger faced rises to the level of a "serious physical injury." 28 U.S.C. §

1915(g).  The imminent danger an inmate faces, moreover, must be real,

and not merely speculative or hypothetical. *Johnson v. Barney*, No. 04

Civ. 10204, 2005 WL 2173950, at *1-*2 (S.D.N.Y. Sept. 6, 2005) (finding

that inmate's allegation of danger at facility he was not housed at, but may

pass through at infrequent occasions in the future, did not establish

imminent danger)

The term "serious physical injury", as utilized in section 1915(g), is

nowhere concretely defined, although it has been construed by various

courts as including a "disease that could result in serious harm or even

death[.]"  *Ibrahim*, 463 F.3d at 7.  In deciding whether to invoke the

exception, a court must examine the available pleadings, construed in a

light most favorable to the plaintiff, to determine whether the plaintiff has alleged a serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). Conditions which have been held to rise to a sufficient threshold level include denial of treatment for infected gums, resulting in damages of infection, *McAlphin*, 281 F.3d at 710; denial of adequate treatment for Hepatitis C, a "chronic and potentially fatal disease," *Ibrahim*, 463 F.3d at 6-7; and heart palpitations, chest pains and labored breathing, *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003) (finding upon reaching the merits, however, that plaintiff's complaint did not state an Eighth Amendment claim).

Plaintiff's complaint addresses an assault which occurred on September 22, 2006, while he was confined at Clinton. While plaintiff's complaint intimates that the matter was not an isolated incident, there is nothing in his complaint, particularly in view of the fact that he is no longer incarcerated at the facility at which the alleged assaults occurred, having since been transferred to the Southport Correctional Facility, to demonstrate that he is in imminent danger of serious physical injury. Accordingly, I find no basis not to invoke three strikes provision of section 1915(g).

IV.   <u>SUMMARY AND RECOMMENDATION</u>

The plaintiff, a prodigious litigator, has commenced this action and been granted IFP status.  Because it appears, based upon the fact that three of his prior actions have been dismissed as either frivolous or for failure to state a claim upon which relief may be granted, that the decision to grant him IFP status was improvident, and finding no basis to conclude the plaintiff qualifies under the imminent danger exception to 28 U.S.C. § 1915(g), it is hereby

RECOMMENDED that:

1)   The order granting the plaintiff IFP status (Dkt. No. 4) be VACATED;

2)   Defendants' motion to dismiss plaintiff's complaint (Dkt. No. 20) be GRANTED as to all defendants and all claims unless Gamble pays the full required filing fee of $350.00 within thirty days after the entry of a final order by the district judge addressing this recommendation; and it is further

ORDERED that pending final determination with respect to this report and recommendation and, if it is approved, the payment by plaintiff of the required filing fee, all discovery in this action be and is hereby

STAYED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     November 2, 2007
           Syracuse, NY

David E. Peebles
U.S. Magistrate Judge